IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROY CHATT**,

**Petitioner,**

v.                                                          No. 16-0570-DRH

**UNITED STATES OF AMERICA,**

**Defendant.**

## ORDER

**HERNDON, District Judge:**

      Now before the Court is Roy Chatt's May 23, 2016 28 U.S.C. § 2255 petition (Doc. 1). This petition raises the question of whether *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) applies to guideline career offenders like Chatt. However, this is not Chatt's first § 2255 petition. On July 26, 2011, Chatt filed a 28 U.S.C. § 2255 petition. *See Chatt v. United States*, 11-0644-DRH (Doc. 1). On September 23, 2011, the undersigned dismissed with prejudice that petition and judgment was entered. *Id.* at Docs. 3 & 4. Thereafter, Chatt appealed to the Seventh Circuit Court of Appeals. *Id.* at 6. On December 9, 2011, the Seventh Circuit issued its Mandate dismissing the appeal for failure to timely pay the required docketing fee. *Id.* at Doc. 15.

      Because Chatt previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a]

second or successive motion must be certified as provided by [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Chatt's petition is silent as to the authorization from the Seventh Circuit and this Court cannot provide Chatt with the authorization to proceed with this 2255 petition.  Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Chatt's petition.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Chatt's 28 U.S.C. § 2255 petition.  The Court **DIRECTS** the Clerk of the Court to send the Seventh Circuit Court of Appeals a copy of this Order and a copy of Chatt's petition for possible consideration as a motion for leave to file a second or successive § 2255 petition.  If the Seventh Circuit Court of Appeals issues Chatt authorization to file a

successive 28 U.S.C. § 2255 petition, he should file a new petition along with the authorization with this Court.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.05.24
11:10:55 -05'00'

**United States District Court**